Frederick A. **CARTER**, Appellant,

v.

**ALBERT EINSTEIN MEDICAL CENTER, Appellee.**

No. 86–1063.

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6)
Aug. 28, 1986.

Decided Nov. 6, 1986.

Frederick A. Carter, pro se.

Howard R. Flaxman, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for appellee.

Before GIBBONS, WEIS, and MARIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The plaintiff's complaint alleges racial discrimination in his employment termination by defendant. The suit was dismissed by the district court because plaintiff's lawyer failed to comply with a discovery order. We agree with the district judge that counsel has "exhibited, on the record, blatant disregard for explicit orders." We conclude, nevertheless, that sanctions should have been imposed on the attorney personally rather than denying plaintiff the opportunity to present his case on the merits.

On May 31, 1985, the district court directed that plaintiff submit within twenty days his then overdue answers to the defendant's interrogatories. The plaintiff's lawyer did not file the answers within that time, and on June 24, 1985, defendant asked that the case be dismissed pursuant to Fed.R.Civ.P. 37. The plaintiff's counsel did not respond to this motion; on July 18, 1985, the district judge dismissed the action.

In the interim, the plaintiff's lawyer had failed to appear at a pretrial conference scheduled for June 13, 1985. She gave as an excuse her error in calendaring the conference for 9:30 a.m., (which was when she arrived) rather than 9:00 a.m., the time set by the court. The district court assessed counsel a sanction of $150 for her dereliction. Four days later she sent a letter to the district judge apologizing for her error and asking that the sanction be remitted.

On December 13, 1985, the plaintiff's lawyer filed a motion under Fed.R.Civ.P. 60(b) to reinstate the complaint. Attached to the motion were answers to the interrogatories which apparently had been served on defendant. Also attached was a copy of a money order, dated November 1, 1985, in the amount of $150 made payable to the defendant's attorney.

The district judge denied the motion on December 30, 1985, noting the five-month delay which plaintiff had explained by "vague and unsubstantiated claim that he personally had not learned of the dismissal until September, 1985." More important, however, the court found counsel's explanation for her failure to file the discovery answers "incredible." The judge also characterized the lawyer's disregard of the May 31, 1985 order as "inexcusable."

On January 9, 1986, plaintiff acting pro se filed a motion for reconsideration and for dismissal of his attorney. He alleged that in June 1985 his lawyer had misled him into believing that she had complied with the discovery request, and that he had not learned of the suit's dismissal until September 26, 1985, when he checked the docket in the clerk's office. He charged his counsel with being derelict in not promptly requesting reconsideration of the July 18, 1985 dismissal order. He had insisted that his counsel take steps to remedy the situation, but when she prepared a petition, it proved to be inadequate under Rule 60(b). Plaintiff described his counsel's conduct as "abandonment," and noted that he had paid $400 as a fee. Because of his financial straits, plaintiff said he had not been able to retain other counsel.

The district court denied the pro se motion, remarking that even after becoming aware of his lawyer's misdeeds, plaintiff

nevertheless entrusted her with filing the Rule 60(b) motion, rather than acting on his own at that time.

We understand and appreciate the district judge's feelings when his efforts to move his docket expeditiously were frustrated by the inexcusable conduct of the lawyer. She consistently failed to meet her obligations in timely fashion with but one exception. When she was ordered to pay $150 of her own funds, she promptly wrote to the district judge asking for reconsideration. Even in that instance, she utilized a letter rather than a motion, the appropriate district court procedure.

We review the district court's order under an abuse of discretion standard, recognizing the superior opportunity for the trial judge to assess the challenged conduct. *See Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77 (3d Cir.1982).

Nevertheless, we have vacated a dismissal when a client was victimized by his attorney's extreme negligence. In *Boughner v. Secretary of Health, Education & Welfare,* 572 F.2d 976 (3d Cir.1978), we directed relief under Rule 60(b) where plaintiff had suffered a default judgment because his attorney had displayed "neglect so gross that it is inexcusable." *Id.* at 978. We observed that *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), upheld the dismissal of an action because of counsel's delinquency on the reasoning that the client was liable for the acts of the lawyer whom he had retained.

In *Link,* the Supreme Court concluded that because the plaintiff had voluntarily chosen the attorney to represent him in the action, he could not later avoid the consequences of the acts or omissions of this "freely selected agent." 370 U.S. at 633–34, 82 S.Ct. at 1390. Although the Court declared a party to be bound by his counsel's acts, it noted that the aggrieved party never availed himself of a corrective remedy such as the "escape hatch provided by Rule 60(b)." *Id.* at 632, 82 S.Ct. at 1390. *Link* did not decide whether it would have been an abuse of discretion to deny a Rule 60(b) motion, since none had been filed. *Id.* at 635–36, 82 S.Ct. at 1391–92. Compare *Link* with *Boughner,* 572 F.2d at 978, which held that under its particular facts, appellants were not bound by their attorney's actions for the purposes of Rule 60(b).

Although the *Link* principle remains valid, *see National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), we have increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault. *See Matter of MacMeekin,* 722 F.2d 32, 35 (3d Cir.1983).

As we said in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 869 (3d Cir.1984), "[d]ismissal must be a sanction of last, not first, resort." *Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339 (3d Cir.1982) followed the same theme. There we emphasized the failure of the district court to consider the imposition of some lesser sanction than dismissal with prejudice.

In *Scarborough v. Eubanks,* 747 F.2d 871 (3d Cir.1984), we discussed some of the factors a district court should weigh in considering whether to dismiss a complaint as a sanction. Although not exhaustive, the court should review (1) the extent of the party's personal responsibility; (2) a history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; and (4) the meritoriousness of the claim. *Id.* at 875.

The record before us provides no basis for assessing the merits of the plaintiff's claim, but the absence of his personal responsibility for his attorney's behavior seems clear. The attorney's conduct, although perhaps not in bad faith, was flagrant and deserving of sanctions.

The Court of Appeals for the Fourth Circuit acknowledged the serious dilemma posed by the allocation of responsibility between an attorney and her client for dilatory or contumacious conduct in *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573

(4th Cir.1973): "The more Boeotian and flagrant we deem counsel's conduct in the case, the greater is his professional negligence; correspondingly, the behavior becomes less 'excusable' under Rule 60(b)(1). On the other hand, the more indefensible the attorney's behavior, the greater is one's natural sympathy for the ultimate victim— the client." *Id.* at 574.

Although an action for malpractice is a possibility when a lawyer's negligence results in dismissal, that remedy does not always prove satisfactory. It may be difficult for the client to obtain and collect a judgment for damages. Perhaps more importantly, public confidence in the administration of justice is weakened when a party is prevented from presenting his case because of the gross negligence of his lawyer who is, after all, an officer of the court. As we pointed out in *Poulis,* this remedy "would only multiply, rather than dispose of litigation." 747 F.2d at 867.

We think it critical that the importance of an attorney's professional responsibility for his client's interest be brought home to the erring lawyer quickly and unmistakably. Allowing derelictions to await possible punishment through lengthy malpractice litigation or disciplinary board proceedings is not likely to be effective in deterring future misconduct. Consequently, we do not favor dismissal of a case when the attorney's delinquencies—not the client's— necessitate sanctions.

■ On the record before us, plaintiff acted reasonably in pressuring his lawyer to file his 60(b) motion before taking action himself. When the petition proved to be unsuccessful, he acted promptly in proceeding pro se. Not only the court, but the client, was treated unfairly by the lawyer; plaintiff should not shoulder the burden of this incompetence alone.

We conclude that the complaint in this case should be reinstated and plaintiff given a reasonable time to secure new counsel or proceed pro se.

■ Defendant also has suffered some financial detriment in the expenditure of fees because of the negligence of plaintiff's counsel. That loss may be reimbursed in whole or in part by the imposition of sanctions on the plaintiff's lawyer personally. The district court should assess these sanctions in an amount deemed to be reasonable under all the circumstances.

The order of the district court will be vacated and the case remanded with directions to reinstate the complaint and impose appropriate sanctions on the plaintiff's counsel. Each party will bear its own costs, subject however to reallocation at the discretion of the district court in imposing sanctions on the plaintiff's attorney.