Marilyn GRANT

v.

CLAIROL, INC.

Civ. No. 85–2866.

United States District Court,
E.D. Pennsylvania.

Dec. 4, 1986.

---

Joanne F. Tyler, Philadelphia, Pa., for plaintiff.

Stephen C. Baker, Philadelphia, Pa., for defendant.

## FINDINGS OF FACT, DISCUSSION, AND CONCLUSION OF LAW

HUYETT, District Judge.

Following a hearing on December 3, 1986, I make the following findings of fact and conclusions of law pursuant to Fed.R. Civ.P. 52(a):

1. The complaint in this action was initially filed on May 21, 1985. By leave of the court, the complaint was amended on September 26, 1985 to cure a lack of complete diversity.

2. The complaint alleges that the plaintiff was injured by a hair dye manufactured, distributed and sold by the defendant, and asserts that defendant is liable to the plaintiff on theories of strict product liability and negligence.

3. The bulk of the damages sought by the plaintiff are for loss of earnings and reduction in earnings capacity.

4. The initial discovery deadline set by the court was January 31, 1986. Because settlement discussions were in progress, this deadline was extended to March 3, 1986.

5. On January 2, 1986, defendant's first set of interrogatories was served on the plaintiff. Responses to those interrogatories were due on February 1, 1986.

6. On January 27, 1986, defendant's second set of interrogatories was served on the plaintiff. Responses to those interrogatories were due on February 26, 1986.

7. On January 27, 1986, defendant's requests for the production of documents was served on the plaintiff. Responses to those requests were due on February 26, 1986.

8. No response to the discovery requests had been received by March 13, 1986, when the defendant filed a motion to compel discovery.

9. On March 19, 1986, while the motion to compel was pending, I ordered that all discovery shall be completed not later than April 1, 1986, that no other extensions shall be granted, and that sanctions may be imposed for failure to comply with the court's order.

10. On April 16, 1986, I granted defendant's motion to compel and ordered that "plaintiff shall provide defendant with full and complete answers to defendant's interrogatories, set number 1 and set number 2, and defendant's requests for the production of documents on or before April 28, 1986, or appropriate sanctions will be imposed."

11. The April 28, 1986 deadline was extended to May 6, 1986 to explore the possibility of settlement.

12. No responses to any discovery requests had been received by the defendant on May 19, 1986.

13. On May 19, 1986, at a pretrial conference held in chambers, I ordered plaintiff's counsel to respond immediately to defendant's requests for discovery.

14. This order resulted in incomplete responses to certain of the defendant's interrogatories. There was no response to oth-

er interrogatories and no response to five out of six requests for the production of documents.

15. On May 23, 1986, defendant filed its first motion for sanctions.

16. Sometime in February, 1986, plaintiff requested copies of her tax returns from the Internal Revenue Service (IRS). The IRS reported that it was unable to locate her returns.

17. On May 23, 1986, plaintiff signed a typed statement authorizing the Internal Revenue Service, the Pennsylvania Department of Revenue, the Social Security Administration, the Bureau of Employment Security, H & R Block Inc., and any other agency, bureau, or department responsible for the taxation or receipt of revenue to produce or make available all relevant documents to the defendant.

18. Because the IRS requires that requests for the release of tax returns be made on its Form 4506, the May 23 document was not an adequate response to the request for documents.

19. On May 30, 1986, I ordered that plaintiff provide full and complete answers to interrogatories and requests for the production of documents, as well as an IRS authorization form 4506 to enable defendant to obtain any returns which the plaintiff had filed with the IRS.

20. On June 23, 1986, I denied defendant's first motion for sanctions, finding that dismissal was not appropriate at that time and granting plaintiff's counsel another opportunity to provide complete answers to the interrogatories. Recognizing that counsel had had difficulties in obtaining the information from her client, I instructed her to make a good faith effort to obtain the responses and, in the event that she was unable to produce the information, to be prepared to explain fully the reasons.

21. On June 25, 1986, defendant sent to plaintiff's counsel IRS forms 4506, complete in all particulars except for the plaintiff's signature. These forms were accompanied by a letter requesting that the forms be signed by plaintiff and returned to defense counsel for submission to the IRS. Defendant offered to pay the costs of obtaining the information from the IRS.

22. On September 11, 1986, defendant filed its second motion for sanctions.

23. At no time prior to the hearing on this motion has the defendant provided any further responses to the discovery requests as expressly required by the court orders of May 30, 1986 and June 23, 1986. Plaintiff has complied only partially with the court orders of March 19, 1986 and April 16, 1986.

24. At no time prior to the hearing on this motion has the defendant provided the defendant with the signed IRS forms 4506.

25. At some time prior to the filing of this motion, plaintiff did sign certain IRS authorization forms and did return them to her counsel, but because plaintiff had made numerous notations and markings on the forms they could not be submitted to the IRS and plaintiff's counsel did not forward them to the defendant.

26. On November 29, 1986, 11 weeks after the filing of the second motion for sanctions and 4 days after the date originally set for a hearing on that motion, and after considerable urging by her counsel and her brother, plaintiff signed the IRS authorization forms 4506.

27. The information sought by the defendant relates, in substantial part, to the plaintiff's employment and earnings history, and to the plaintiff's training as a professional beautician.

28. The plaintiff's professional experience and training as a beautician are relevant to the defense of the negligence and strict liability claims.

29. The information sought by the defendant is critical to the preparation of a defense on the issues of damages (based on loss of income and earning capacity), as well as on issues of liability.

30. The prejudice to the defendant is so great that it is unlikely that the defendant will be able to prepare an adequate defense without this information.

31. Plaintiff's counsel has made repeated attempts to obtain information from her client, and is unable to obtain any additional responses to the discovery requests.

32. On various occasions, plaintiff has told her counsel that her financial records were a) stolen from her on the street; b) taken by the CIA; and c) mislaid among the papers in her bedroom.

33. Plaintiff is 43 years old, a high school graduate, and has received one year of training as a beautician. She is a licensed beautician and barber.

34. Plaintiff's testimony at the hearing was disjointed and frequently unresponsive to the questions asked of her. However, when asked to state her social security number she was able to do so accurately and without hesitation. Plaintiff had no difficulty in recalling other factual matters, such as her age, the name of her high school, her date of graduation.

35. Although plaintiff testified that she had cooperated fully with her attorney, I find that testimony incredible. Plaintiff's counsel stated, as an officer of the court, that she had on several occasions attempted unsuccessfully to obtain information from her client. I find that counsel has made a reasonable effort to obtain the information from her client.

36. The failure to respond to the interrogatories is the result of the plaintiff's failure to cooperate with her attorney's attempts to obtain the information from her.

37. The failure to provide the documents requested by the defendant is the result of the plaintiff's failure to cooperate with her attorney.

38. Defendant has incurred substantial legal fees as a direct result of the plaintiff's failure to respond to the discovery requests.

39. Defendant is unable to prepare a motion for summary judgment addressing the merits of this case, or to proceed to trial, because of the plaintiff's failure to respond to the discovery requests.

40. The plaintiff has repeatedly failed to respond to court orders compelling discovery responses.

41. There is no reason to believe that further extensions of the discovery deadline or further court orders will result in any additional responses to discovery.

42. No sanction short of the exclusion of virtually all of the plaintiff's evidence would adequately remedy the prejudice suffered by the defendant as a result of the plaintiff's failure to respond to discovery.

## DISCUSSION

Federal Rule of Civil Procedure 37 provides that if a party fails to obey an order to provide discovery the court may fashion appropriate sanctions. The court may impose whatever sanctions are just.

Dismissal is not appropriate unless the failure to respond is due to such factors as willful disobedience, gross indifference to the rights of the adverse party, deliberate callousness, gross negligence, or some fault of the noncomplying party. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976); *Quality Prefabrication v. Daniel J. Keating Co.*, 675 F.2d 77, 80 (3d Cir.1982); *In re Professional Hockey Antitrust Litigation*, 531 F.2d 1188, 1192 (3d Cir.1976).

In determining whether dismissal is appropriate, the court should consider six factors:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867–68 (3d Cir.1984) (emphasis omitted). The court should consider the entire record. *In re Professional*

*Hockey Antitrust Litigation,* 531 F.2d at 1192. Not all of these factors will be applicable in a given case. *See Carter v. Albert Einstein Medical Center,* 804 F.2d 805, 807 (3d Cir.1986).

■ The record before me in the present case does not provide a sufficient basis for assessing the merits of the plaintiff's claim.[1] However, an examination and balancing of the remaining *Poulis* factors illustrates that dismissal is an appropriate sanction. The failure to respond to the discovery requests is the fault of the plaintiff, and not that of her counsel. The prejudice to the defendant by the failure to respond is so great as to effectively prevent the preparation of an adequate defense.

This prejudice cannot be remedied by lesser sanctions. The exclusion of the evidence in question from the plaintiff's case would have the practical effect of making a directed verdict a foregone conclusion. The nature of the information sought (for example, amounts of past earnings) is such that these matters cannot simply be deemed to be "admitted."

The history of dilatoriness in this case is extreme, and reflects repeated and flagrant failure to take any action in response to court orders compelling responses to discovery and warnings of sanctions.

■ Dismissal is not appropriate where noncompliance is due to the plaintiff's inability to respond, rather than to willfulness or bad faith. *Roberts v. Norden Division, United Aircraft Corp.,* 76 F.R.D. 75, 80–81 (E.D.N.Y.1977). Although there is no evidence that the defendant has acted in bad faith, she has failed to respond to explicit directions by the court. Counsel has suggested that plaintiff's mental abilities have contributed to the failure to respond. However, from my observations I conclude that the conduct in this case goes beyond an inability to understand the questions or recollect sufficient facts. Indeed, the plaintiff's testimony shows a good recollec-

tion of detail. The record shows a complete failure to respond to certain interrogatories, a failure to provide documents, and plaintiff's refusal to sign the IRS authorization forms until many months after they had been supplied by the defendant.

## CONCLUSION OF LAW

Where a court order is deliberately flouted, as it has been here, and the fault lies with the party rather than with counsel, dismissal is appropriate. *Compagnie Des Bauxites De Guinea v. Insurance Co. of North America,* 651 F.2d 877 (3d Cir.1981), *cert. denied* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1312 (1982); *Carter v. Albert Einstein Medical Center, supra.* After considering the record as a whole, and balancing the factors set forth in the *Poulis* decision, I am persuaded that dismissal of this case is the only appropriate sanction.

## ORDER

Upon consideration of the defendant's motion for sanctions, the plaintiff's response thereto, the memoranda submitted by the parties, the evidence presented at the hearing before me on December 3, 1986, and based upon the attached findings of fact, discussion, and conclusion of law, IT IS ORDERED that:

1. The defendant's motion for sanctions is granted;

2. The plaintiff's amended complaint is dismissed with prejudice.

---

1. I note that the defendant, due to the plaintiff's failure to respond, has been unable to show that the case lacks merit. It is equally important to note that the plaintiff has not given the court any reason to think that her claim has substantial merit.