911 F.2d 724
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
THE 'IN' PORTERS, S.A., Plaintiff-Appellant,
v.
HANES KNITWEAR/PRINTABLES, INC., Sara Lee Corporation,
Defendants-Appellees.
 No. 89-2122.
 United States Court of Appeals, Fourth Circuit.
 Argued February 7, 1990.
Decided Aug. 24, 1990.
Rehearing and Rehearing In Banc Denied Oct. 23, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Eugene A. Gordon, Senior District Judge; N. Carlton Tilley, Jr., District Judge. (C/A No. 86-956-WS)
 Michael Edwin Ray, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., (argued), for appellant; Lori P. Hinnant, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., Randolph M. James, McCall & James, Winston-Salem, N.C., on brief.
 George Lester Little, Jr., Petree, Stockton & Robinson, Winston-Salem, N.C., (argued), for appellees; F. Joseph Treacy, Jr., Thomas E. Graham, Petree, Stockton & Robinson, Winston-Salem, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 In the case at bar, the district judge dismissed the plaintiff's complaint as a discovery sanction due to the failure of the plaintiff to allow certain discovery to take place. The plaintiff has appealed this dismissal. We affirm that dismissal on the reasoning of the district judge as set forth in his memorandum opinion, with one additional comment.
 
 
 2
 The appellant has argued that the district judge failed to apply this Circuit's test for dismissal as a discovery sanction, and that this error of law requires us to reverse and remand this case for further consideration. We disagree.
 
 
 3
 It is true that the district judge did apply a test for dismissal under Federal Rule of Civil Procedure 37 that is not identical to that employed in the Fourth Circuit. The district judge employed the Third Circuit test, which looks at five non-exclusive factors:
 
 
 4
 1. the extent of the party's personal responsibility;
 
 
 5
 2. a history of dilatoriness;
 
 
 6
 3. whether the attorney's conduct was willful and in bad faith;
 
 
 7
 4. the availability of some lesser sanction;* and
 
 
 8
 5. the meritoriousness of the claim.
 
 
 9
 Carter v. Albert Einstein Medical Center, 804 F.2d 805, 807 (3d Cir.1986). These are the factors utilized by the Fourth Circuit:
 
 
 10
 1. whether the noncomplying party acted in bad faith;
 
 
 11
 2. the amount of prejudice his noncompliance caused his adversary, which necessarily included an inquiry into the materiality of the evidence he failed to produce;
 
 
 12
 3. the need for deterrence of the particular sort of noncompliance; and
 
 
 13
 4. the effectiveness of less drastic sanctions.
 
 
 14
 Mutual Federal Savings and Loan v. Richards & Associates, 872 F.2d 88, 92 (4th Cir.1989). Although these tests are not identical, they are not significantly different as applied. Under either Circuit's test, the primary considerations are the bad faith of the party opposing discovery, the history of dilatoriness, and the effectiveness of lesser sanctions. Since the district court's analysis concentrated in these areas, the decision below will not be reversed. The Third Circuit test as applied by the district judge adequately encompassed the necessary factors.
 
 
 15
 Accordingly, the judgment of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 *
 This factor was not included in the Third Circuit's list of factors, but it was considered by that court. The district judge in the case at bar listed it as an explicit factor