

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-9-2006

# Logan v. Amer Contract Bridge

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4428

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

### Recommended Citation

"Logan v. Amer Contract Bridge" (2006). *2006 Decisions.* Paper 1465.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1465

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4428

JOHN W. LOGAN,

Appellant

v.

AMERICAN CONTRACT BRIDGE LEAGUE

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil 02-cv-07750
District Judge:  The Honorable Clifford Scott Green

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2006

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

(Opinion Filed: March 9, 2006 )

OPINION

---

[*] The Honorable Dickinson R. Debevoise, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

## I.

This is an appeal from the District Court's denial of appellant's F.R.Civ.P. 60(b) motion to vacate or reopen an order of summary judgment. We will affirm.

## II.

John Logan's vision is severely impaired. Nevertheless, he is an accomplished player of the card game "bridge," and is a member of the American Contract Bridge League ("ACBL"). The ACBL sponsors millions of games of bridge every year in North America, from local club games to international tournaments, and ranks its members based on their performance. Logan is a "life master"—the highest ranking an ACBL member can achieve. Despite his success, Logan believes his play would be improved if his poor vision did not cause him to misread the playing cards. Therefore, he invented his own special deck of cards designed for the visually impaired, which he calls "the Logan Deck."

The ACBL permitted Logan to use his deck in several of its sanctioned tournaments and bridge clubs in 1999 and 2000. Complaints from other players, however, prompted the ACBL to declare that the Logan Deck would not be approved for use at any of its future sponsored games. Logan responded by suing the ACBL for discriminating against him on the basis of his visual impairment, in violation of Title III

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a).[1]

On September 4, 2003, after the completion of discovery, the ACBL filed a motion for summary judgment supported by the affidavit of Richard F. Beye, the ACBL's Chief Tournament Director, and Logan's deposition. On December 2, 2003, the District Court granted summary judgment for the ACBL, noting that the motion was unopposed and that

> Plaintiff has failed to provide this Court with any evidence that Defendant has prohibited him access to its competitive game or violated the American Disabilities [sic] Act. Furthermore, Plaintiff has put forth no evidence to contradict that of the Defendant. I find that because Plaintiff has failed to put forth evidence demonstrating that there is a genuine issue for trial on his ADA claim, summary judgment is appropriate.

(App. A.)

With new counsel, Logan moved under Rule 60(b) to vacate and/or reopen the judgment. He argued that until February 2004, even after summary judgment was granted on December 2, 2003, his prior counsel assured him that his action against the ACBL was being actively prosecuted and "awaiting a trial date." (App. 61a-62.) After unsuccessful attempts to contact counsel in late June 2004, Logan finally learned from the District Court that his action had been dismissed. Logan also learned that counsel had been

---

[1] 42 U.S.C. § 12182(a) provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

3

suspended from the Pennsylvania bar on February 3, 2004, and disbarred on June 24, 2004. In a declaration submitted to the District Court, counsel admitted that he had misled Logan.

On October 25, 2004, the District Court denied Logan's Rule 60(b) motion, explaining that it had reviewed the record as it stood prior to granting summary judgment and that its grant of summary judgment was on the merits and not solely on the fact that the motion was unopposed. Additionally, the court found no connection between prior counsel's disbarment and his failure to respond to the motion for summary judgment because counsel was disbarred after the December 2, 2003 order was entered. Moreover, continued the court, summary judgment was appropriate in any event.

> Plaintiff's deposition reveals that Plaintiff had never been barred from the [ACBL] tournaments, was able to see the playing cards with alternate accommodations, and that the "Logan deck" advocated by Plaintiff confused other competitors and thus gave Plaintiff an unfair competitive advantage. Based on the record, including these admissions, the Court found that Plaintiff did not meet the statutory requirements under Title II of the American Disabilities Act [sic] and that Plaintiff had full access to ABCL sponsored events.

(App. B.) On November 10, 2004, the District Court denied Logan's motion to reconsider. This appeal followed.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the denial of a Rule 60(b) motion for abuse of discretion. *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 269 & n.8 (3d Cir. 2002).

4

## III.

### A.

Logan argues that the District Court abused its discretion by not vacating or reopening its grant of summary judgment in favor of the ACBL under either Rule 60(b)(1) or 60(b)(6). We have "cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Boughner v. Sec'y of HEW*, 572 F.2d 976, 977 (3d Cir. 1978).

Rule 60(b)(1) permits a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Logan relies primarily upon cases in which we granted Rule 60(b)(1) relief from a default judgment because the excusable neglect of counsel or a party prevented a claim from being adjudicated on its merits. *See Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 806 (3d Cir. 1986) (granting Rule 60(b)(1)[2] relief from a default judgment where counsel misled his client into believing he complied with discovery order); *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 417-18 (3d Cir. 1987) (finding attorneys' communications problems resulting in failure to respond to complaint to be Rule 60(b)(1) "excusable neglect" warranting relief from default judgment); *Tozer v. Krause*, 189 F.2d 242, 244-45 (3d Cir.

---

[2] While it is not entirely clear from the *Carter* opinion that relief was granted under subsection (1) of Rule 60(b), the *Carter* Court did rely in part on a Rule 60(b)(1) case. 804 F.2d at 807-08 (citing *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir. 1973)).

1951) (finding failure to respond to complaint resulting from defendant corporation's failure to update its address for service of process to be Rule 60(b)(1) "excusable neglect" warranting relief from default judgment). In each case, we relied heavily on our preference that judgment be rendered on the merits rather than by default. *See Carter*, 804 F.2d at 806, 808; *Zawadski De Bueno*, 822 F.2d at 420; *Tozer*, 189 F.2d at 245.

These cases are inapposite here, where the District Court reached the merits. Although conceding that his claim was disposed of on the merits, Logan argues that the District Court's order had "all indicia of a default judgment." (Appellant's Br. 11-12.) We disagree. Where a judgment on the merits is at issue, "the general disfavoring in the law of awarding judgments by default is not a consideration." *Lorenzo v. Griffith*, 12 F.3d at 23, 27 n.4 (3d Cir. 1993). In *Lorenzo*, we upheld a District Court's denial of a Rule 60(b)(1) motion to reopen an unopposed grant of summary judgment for the defendant. In doing so, we considered (1) whether vacating the judgment would prejudice the prevailing party; (2) whether the movant offered a meritorious claim on the merits; and (3) whether judgment resulted from the movant's culpable conduct. *Id*. at 27. Even assuming prejudice, we sustained the judgment because the plaintiff had failed to advance a meritorious theory of recovery, and because plaintiff's counsel was culpable in failing to take steps that would have delayed a summary judgment ruling pending the court's decision on an outstanding discovery motion. *Id*.

Here, Logan has failed to advance a meritorious theory of recovery. Title III of the

ADA requires places of public accommodation to make reasonable modifications *necessary to afford access* to disabled persons, "unless doing so would fundamentally alter what is being offered." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688 & n.37 (2001) (citing 42 U.S.C. § 12182(b)(2)(A)(ii)). In *Martin*, it was undisputed that provision of a golf cart was "reasonable" and was "necessary" to afford the disabled plaintiff—who was unable to walk a golf course—access to defendant's golf tournaments.[3] *Id*. at 682. This is different, the Supreme Court explained, from a claim "that might be asserted by players with less serious afflictions that make walking the course uncomfortable or difficult, but not beyond their capacity. In such cases, an accommodation might be reasonable but not necessary." *Id*. Similarly here, Logan admits that the Logan Deck is not *necessary* to give him access to ACBL competitive bridge; he merely claims that without it, he "can't play to the maximum of [his] potential." (App. 102a-03a.) Logan has failed to set forth a meritorious claim.

Moreover, while counsel's inexcusable failure to contest the motion for summary judgment in *Lorenzo* could arguably have been attributed to simple good faith confusion over the status of an outstanding discovery motion, 12 F.3d at 26, Logan offers no excuse here for his prior counsel's failure. Counsel was not suspended or disbarred until after the grant of summary judgment, had notice of the motion, and was perfectly able to

---

[3] Thus, the issue in *Martin* centered on whether permitting the plaintiff to use a golf cart during PGA tournaments would "fundamentally alter the nature" of golf. *Id*. at 682.

contest it, but did not. Such lack of diligence is not "excusable neglect" under Rule 60(b)(1). *See Lorenzo*, 12 F.3d at 27. The District Court did not abuse its discretion in denying Rule 60(b)(1) relief.

**B.**

Logan also seeks relief under Rule 60(b)(6)—a catchall provision that permits relief for "any other reason justifying relief from the operation of the judgment." This is "extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus.*, 280 F.3d at 273. Exceptional circumstances are not present here. Again, the District Court did not abuse its discretion when it denied relief.[4]

**IV.**

We will affirm the December 2, 2003 order of the District Court.

---

[4] Logan argues that if he fails to qualify for Rule 60(b) relief, he should be permitted to appeal *nunc pro tunc*, or by virtue of equitable tolling, the District Court's order granting summary judgment. We reject this argument without further discussion.