NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-1261, 16-1011
_____

JANE DOE; JOHN DOE, Parents and
Natural Guardians of Mary Doe, a minor,
                                        Appellants

v.

THE RITZ CARLTON HOTEL COMPANY, LLC
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 5-14-cv-04423)
District Judge: Honorable Jeffrey L. Schmehl
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 13, 2016
_____

Before: CHAGARES, GREENAWAY, JR., and RESTREPO, *Circuit Judges*.

(Opinion Filed: November 1, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellants Jane and John Doe initiated this action against Appellee The Ritz Carlton Hotel Company, LLC, alleging that Appellee's negligence resulted in two sexual assaults on their minor daughter while the family was vacationing at one of Appellee's hotels in Grand Cayman, Cayman Islands. Appellants appeal orders of the United States District Court for the Eastern District of Pennsylvania (1) dismissing their Amended Complaint on *forum non conveniens* grounds and (2) denying their motion for special relief brought pursuant to Federal Rule of Civil Procedure 60(b)(6). For the following reasons, we will affirm the orders of the District Court.

## I. BACKGROUND

Appellants are residents of Pennsylvania who vacationed at The Ritz Carlton, Grand Cayman hotel in the spring of 2013. Appellants allege that, on two separate occasions, a bellman then employed by Appellee sexually assaulted Mary Doe, Appellants' minor daughter, at the hotel.

Appellants brought suit in the Court of Common Pleas of Philadelphia County, alleging that Appellee was negligent in failing to screen and conduct an adequate background check on the bellman and in failing to provide security to its guests. Appellee removed the case to federal court, invoking diversity jurisdiction, and filed a motion to dismiss the Amended Complaint based on *forum non conveniens*. The District Court concluded that trial of the action in the Eastern District of Pennsylvania would result in an undue burden to Appellee out of proportion to Appellants' convenience,

2

granted Appellee's motion, and dismissed the matter without prejudice. Appellants appealed the District Court's order.

While their appeal was pending, Appellants retained new counsel and filed a motion with the District Court pursuant to Federal Rule of Civil Procedure 60(b)(6) seeking relief from the dismissal of their action on the grounds that their prior counsel was grossly negligent in developing factual and legal arguments in opposition to Appellee's motion to dismiss. The District Court denied the motion and Appellants appealed that order.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

"The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). "[W]here the [district] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.*; *accord Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 872 (3d Cir. 2013). "Thus, 'we do not perform a *de novo* resolution of forum non conveniens issues,' and instead review the District Court's dismissal on grounds of *forum non conveniens* for an abuse of discretion." 737 F.3d at 872 (quoting *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)). A district court abuses its discretion "when it clearly errs in weighing the factors to be considered." *Windt v. Quest Commc'ns Int'l, Inc.*, 529 F.3d

3

183, 189 (3d Cir. 2008) (quoting *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)).

We review a district court's denial of a Rule 60(b)(6) motion for abuse of discretion. *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014). In the context of a Rule 60(b)(6) motion, "[a] district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." *Id.*

## III. ANALYSIS

### A. The District Court's *Forum Non Conveniens* Determination

Reviewing the District Court's *forum non conveniens* determination for abuse of discretion, we conclude that there was no clear error in the Court's analysis.

Although a "plaintiff's choice of forum should rarely be disturbed," *Piper Aircraft Co.*, 454 U.S. at 241, a district court may dismiss a case based on *forum non conveniens* "[w]hen an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems," *Kisano Trade & Invest Ltd.*, 737 F.3d at 873 (quoting *Windt*, 529 F.3d at 189) (internal quotation marks omitted). Four factors guide a district court's exercise of discretion in its *forum non conveniens* analysis: "(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum . . . ; (3) relevant private interest factors affecting the convenience of the litigants;

4

and (4) relevant public interest factors affecting the convenience of the forum." *Id.* (internal quotation marks and footnotes omitted).

Here, as to the first factor, the District Court correctly identified that a citizen plaintiff's choice of her home forum deserves "significant deference." App. 7 (citing *Piper Aircraft Co.*, 454 U.S. at 255 (explaining "that there is ordinarily a strong presumption in favor of the plaintiff's choice of forum" and "that a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum")). The District Court then reasoned that because "the operative facts giving rise to the action occur[red] outside of the forum selected by" Appellants—i.e., occurred in the Cayman Islands—that deference is "somewhat reduced." App. 7. The Court cited several district courts within the Third Circuit for this proposition;[1] however, we have never held that the deference owed to a citizen or a resident plaintiff's choice of forum is "somewhat reduced" under such circumstances. Thus, we write to clarify that whether the operative facts giving rise to a citizen or a resident plaintiff's claim occurred in or outside of a plaintiff's chosen forum is properly considered in the balancing of private and public interest factors—vis-à-vis, for example, the ease of access to sources of proof. Although the District Court's statement of law on this point was incorrect, we conclude that the

---

[1] We note that the cases relied upon by the District Court all involved the federal transfer statute, 28 U.S.C. § 1404(a), and also that other district courts within our jurisdiction have stated this proposition in the context of a *forum non conveniens* determination. *See, e.g.*, *Lynch v. Hilton Worldwide, Inc.*, No. 11-cv-1362, 2011 WL 5240730, at *3 (D.N.J. Oct. 31, 2011).

5

erroneous statement does not amount to reversible error because the District Court reasonably weighed the four factors.

Appellants argue that because they are residents of Pennsylvania and because Appellee is a large corporation with its principal place of business in adjacent Maryland, these facts, standing alone, establish that litigating in Pennsylvania cannot be oppressive or vexatious for Appellee. This position, however, ignores that "[a] citizen's forum choice should not be given dispositive weight," *Piper Aircraft Co.*, 454 U.S. at 255 n.23, and that a "district court is accorded substantial flexibility in evaluating a *forum non conveniens* motion," with "[e]ach case turn[ing] on its facts," *Delta Air Lines, Inc. v. Chimet, S.P.A.*, 619 F.3d 288, 294 (3d Cir. 2010) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988)).

It would have been clear error for the District Court to have adopted Appellants' position and given dispositive weight to Appellants' choice of forum. Thus, the District Court reasonably weighed the substantial deference afforded to Appellants' chosen forum of Pennsylvania against the other three factors.

As to the second factor, the District Court reasonably concluded that the Cayman Islands presented an adequate alternative forum because Appellee was amenable to service of process there, the tort of negligence was recognized there, and the applicable statute of limitations had not expired. *See Piper Aircraft Co.*, 454 U.S. at 254 n.22 ("Ordinarily th[e alternative forum] requirement will be satisfied when the defendant is amenable to process in the other jurisdiction.") (internal quotation marks and citations omitted); *Kisano Trade & Invest Ltd.*, 737 F.3d at 873 (an adequate alternative forum is

6

where, inter alia, "defendants are amenable to process and plaintiffs' claims are cognizable").

As to the third and fourth factors, the District Court reasonably weighed the relevant public and private interest factors to conclude that dismissal of this matter was appropriate because trial of the action in the Eastern District of Pennsylvania would result in an undue burden on Appellee out of proportion to Appellants' convenience. It was reasonable for the Court to find that a "crucial" factor in its decision was the lack of compulsory process for attendance of unwilling witnesses from the Cayman Islands and the cost of obtaining willing witnesses. App. 9; *see Kisano Trade & Invest Ltd.*, 737 F.3d at 873 (listing the "ability to compel witness attendance if necessary" as a relevant private interest).

It was also reasonable for the District Court to conclude that factors favoring dismissal—such as that any sources of proof as to Appellee's potential negligence were located in the Cayman Islands—outweighed factors favoring a Pennsylvania forum—such as that most of the Pennsylvania-based witnesses identified by Appellants were medical professionals whose testimony would become relevant only if Appellants were to succeed on liability. *See Kisano Trade & Invest Ltd.*, 737 F.3d at 873 ("Private interests to consider include the ease of access to sources of proof . . . ."). We find no fault with the District Court's balancing of these factors.

Appellants argue that the District Court erred as a matter of law because dismissal of Appellants' negligence action in favor of a Cayman Islands forum violates Appellants' Seventh Amendment right to a jury trial. Specifically, Appellants assert that "because

7

*forum non conveniens* was not a doctrine recognized under English common law in 1791[,]" it "therefore cannot act as a bar to the constitutionally preserved right to a jury trial in [the United States]." (Appellants' Br. at 30.) However, Appellants never developed this argument before the District Court. Their opposition to Appellee's motion to dismiss contains one sentence identifying Appellants' "constitutional right to a jury trial" as a private interest disfavoring dismissal. *See* App. 106 ("[R]equiring the plaintiffs to pursue their claims in the Cayman Islands would deprive them of their constitutional right to a jury trial."). Nor did Appellants develop this argument in their Rule 60(b)(6) motion, which itself acknowledged that their prior briefing failed "to provide any legal analysis or meaningful argument" regarding the issue. App. 197. Appellants' position in their Rule 60(b)(6) motion was that the "unavailability of a jury trial in an alternative forum" should render that forum *per se* inadequate. App. 197.

Because Appellants failed to develop this constitutional argument before the District Court, we deem this argument forfeited. *See In re Diet Drugs Prod. Liab. Litig.*, 706 F.3d 217, 226 (3d Cir. 2013) ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances." (quoting *Tri-M Grp., L.L.C. v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011)); *United States v. EME Homer City Generation, L.P.*, 727 F.3d 274, 300 (3d Cir. 2013) (citing *Steagald v. United States*, 451 U.S. 204, 209 (1981) for the proposition that "arguments not developed in district court are forfeited on appeal").

To the extent that Appellants argue that the District Court failed to give appropriate weight to the fact that a jury trial is not guaranteed in the Cayman Islands, we disagree. The District Court did not clearly err when it did not consider the lack of a jury trial guarantee in the Cayman Islands to be a dispositive factor precluding dismissal for *forum non conveniens*. Rather, the Court reasonably concluded that Appellants' potential deprivation of a jury trial was tempered by the fact that "although most cases are tried to a judge in the Cayman Islands, an application or request can be made for a jury trial." App. 24; *see* App. 625 (Section 21 of the Cayman Islands' Judicature Law, providing that a party to a civil case may apply for a trial by jury).[2]

In sum, the District Court did not abuse its discretion in its *forum non conveniens* determination.

## B. The District Court's Denial of Appellants' Rule 60(b)(6) Motion

We also conclude that the District Court did not abuse its discretion in denying Appellants' Rule 60(b)(6) motion.

Rule 60(b)(6) is a catchall provision that allows a court to relieve a party from the effects of an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

---

[2] To the extent Appellants argued below that the lack of a jury trial guarantee *per se* renders the Cayman Islands an inadequate alternative forum, we reject this argument. "An adequate forum need not be a perfect forum." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). And here, notwithstanding the possibility that Appellants' tort claim will be heard in the Cayman Islands by a judge rather than a jury, Appellants have not demonstrated, for example, that "the *remedy* provided by the alternative forum is so clearly inadequate or unsatisfactory that it is *no remedy* at all," *Piper Aircraft Co.*, 454 U.S. at 254 (emphasis added), or that the Cayman Islands' legal system is "so corrupt that it can[not] serve as an adequate forum," *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 421 (7th Cir. 2009).

To justify relief under Rule 60(b)(6), the party must show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). We have found such "extraordinary circumstances" where a client was "victimized by his attorney's extreme negligence." *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986) (citing *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978) (finding that Rule 60(b)(6) relief was warranted when an attorney had displayed "neglect so gross that it is inexcusable" in failing to respond to fifty-two motions for summary judgment, which precluded an adjudication on the merits of his clients' claims)).

The District Court considered Appellants' five arguments that their prior counsel was grossly negligent in opposing Appellee's motion to dismiss and concluded that the complained of actions or omissions did not rise to the level of gross negligence requiring Rule 60(b) relief.[3] On appeal, Appellants argue that the District Court abused its discretion by "parcel[ing] each allegation on its own" without considering counsel's conduct as a whole. (Appellants' Br. at 34.) We are not persuaded. The District Court

---

[3] Appellants reassert the five grounds on appeal, arguing that their prior counsel failed to: (1) "fully explore and cite relevant caselaw on the applicable legal standard regarding the level of deference afforded to an American plaintiff's choice of home forum"; (2) "establish a record[] upon which th[e] Court could have balanced the private factor interests of the Plaintiffs"; (3) "address whether the Cayman Islands should be considered an adequate alternative forum"; (4) "explore the Constitutional issue of the loss of [Appellants'] right to a jury trial"; and (5) "adequately represent[] his clients' interests by apparently putting his and his firm's interests above the best interests of the Doe family." (Appellants' Br. at 38.)

10

did not clearly err when it addressed individually Appellants' five arguments and explained why some arguments lacked merit and others, even if given "full credence," did not rise to the level of gross negligence articulated in *Boughner*. App. 25. Moreover, we agree with the District Court that the complained of actions or omissions of Appellants' prior counsel did not constitute gross negligence "amount[ing] to nothing short of leaving [Appellants] unrepresented" so as to require reversal. *Boughner*, 572 F.2d at 977.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the orders of the District Court.