**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1487
_____

TERRI LAUCHLE,
Appellant

v.

UNITED PARCEL SERVICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:22-cv-00533)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Terri Lauchle appeals from the District Court's entry of summary judgment in favor of United Parcel Service. We will affirm.

I.

Lauchle is a former employee of UPS whom UPS fired, reinstated, and then fired again during the COVID-19 pandemic. She later filed this suit through counsel. Lauchle alleged that, although UPS told her that it was firing her for repeatedly refusing to comply with its masking policy, it really fired her because she is a woman and a Christian. On that basis, she asserted claims of sex and religious discrimination under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

Following discovery, UPS moved for summary judgment on all claims and the District Court granted its motion. The court first deemed UPS's statement of material facts admitted on the ground that Lauchle's counsel failed to properly respond to it as required by the court's Local Rule 56.1.[1] But the court went on to review the record and conclude that Lauchle had not presented any evidence from which a reasonable jury could infer that UPS fired her—not because of its repeated and well-documented directives that she comply with its masking policy and her repeated and well-documented

---

[1] The court deemed counsel's response so deficient that it also ordered him to show cause why he should not be sanctioned under Fed. R. Civ. P. 11. Counsel has appealed from that order at C.A. No. 24-1488, but we are separately dismissing that appeal because the court has not entered an appealable sanctions order. Lauchle requests in her pro se brief on appeal that we sanction counsel ourselves, but we will not consider the issue of sanctions while it is still pending in the District Court and thus express no opinion on whether sanctions might be warranted.

refusals to do so—but because of her sex and religion. Lauchle has discharged her counsel and appeals pro se.[2]

## II.

Lauchle argues that the District Court erred in entering summary judgment against her because UPS "singled her out" for termination as purportedly shown by its allegedly improper implementation and application of its masking policy. As UPS argues in response, however, Lauchle has not cited any evidence of record in support of her arguments or her claims.[3] We thus could deem them forfeited. But UPS has briefed the merits and, having reviewed the record, we agree that Lauchle adduced no evidence from which a reasonable jury could infer discrimination as necessary to survive summary judgment. We do so largely for the reasons that the District Court explained.[4]

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 over Lauchle's federal claims and had supplemental jurisdiction under 28 U.S.C. § 1367 over her state-law claims. We have jurisdiction under 28 U.S.C. § 1291 even though the issue of sanctions remains pending in the District Court. See Brown v. Francis, 75 F.3d 860, 864 n.3 (3d Cir. 1996). We review the entry of summary judgment de novo. See Crosbie v. Highmark Inc., 47 F.4th 140, 144 (3d Cir. 2022). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[3] The only evidentiary material on which Lauchle relies is an article regarding the Americans With Disabilities Act and masking policies that she attaches for the first time to her brief on appeal. She argues that this article supports her position, and she asks us to admit it into evidence. We construe her request as a request to expand the record on appeal and we deny it because, in the absence of circumstances not presented here, our review is limited to the record that was before the District Court. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009); Fed. R. App. P. 10(a). We nevertheless have reviewed the article, and it does not support Lauchle's claims.

[4] The court recognized that Lauchle did not present any direct evidence of discrimination and thus properly applied the McDonnell Douglas framework that governed her claims

3

We address two other points. First, Lauchle argues that her counsel performed deficiently and that, once counsel's alleged derelictions became apparent, the District Court should have given her the option of continuing with counsel, retaining new counsel, or proceeding pro se. But "ineffective assistance of counsel is not a basis for appeal or retrial" in a civil action such as this. Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980). Instead, the general rule in "our system of representative litigation" is that "each party is deemed bound by the acts of [her] lawyer-agent." Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962). While that rule sometimes yields when counsel's conduct prompts a court to consider the sanction of dismissal, see Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132-33 (3d Cir. 2019) (discussing, inter alia, Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)); Knoll v. City of Allentown,

---

under Title VII and Pennsylvania law. See Qin v. Vertex, Inc., 100 F.4th 458, 470 & n.2, 472-73 (3d Cir. 2024) (citing, inter alia, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Under that framework, Lauchle bore the initial burden of making out a prima facie case by adducing evidence that she was terminated under circumstances raising an inference of discrimination. See id. at 473. Then, because UPS proffered a legitimate, nondiscriminatory reason for her termination, Lauchle also bore the burden of adducing evidence that UPS's stated reason was pretextual. See id. at 474. The District Court held that Lauchle did not meet her initial burden of adducing evidence raising an inference of discrimination. We agree and add that she also did not meet her burden of adducing evidence that UPS's stated reason for her termination was pretextual. Lauchle's strongest evidence was that UPS also fired her daughter and her daughter's (male) fiancé, both of whom are members of her church. But the fact that UPS fired a male employee undercuts her claim that it targeted her because of her sex, and the fact that UPS has not fired other employees whom it knows are members of her same church undercuts her argument that it targeted her because of her religion too. Lauchle argued that she "believes" UPS will fire those employees after this litigation, but she adduced no evidence to that effect or any other evidence from which a reasonable jury could infer discrimination or pretext.

4

707 F.3d 406, 410 (3d Cir. 2013) (same); Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 807-08 (3d Cir. 1986) (same), the court did not impose that sanction here.[5] For similar reasons, the court did not err in entering judgment without sua sponte giving Lauchle a chance to obtain new counsel or proceed pro se. Cf. Carter, 804 F.2d at 808.

Second, and relatedly, Lauchle argues that "key aspects" of her case were not presented because discovery was incomplete. Lauchle appears to blame only her counsel for that alleged circumstance, and her argument thus does not state a basis for relief on appeal as just discussed. But to the extent that Lauchle's brief can be liberally construed to argue that the court itself erred in declining to allow more discovery, we perceive no abuse of discretion. See Crosbie, 47 F.4th at 146. As the court explained, although Lauchle suggested in her summary judgment brief that further discovery was warranted, she did not file an affidavit or declaration to that effect under Fed. R. Civ. P. 56(d) or otherwise make the required showing. See Shelton v. Bledsoe, 775 F.3d 554, 568 (3d

---

[5] Lauchle notes that the court, in directing her counsel to show cause why he should not be sanctioned, wrote: "To the extent that Lauchle's claims were meritorious, the failure to adequately respond to UPS' Statement of Facts [as required by Local Rule 56.1], resulting in the entirety of UPS' Statement being deemed admitted and obliging the Court to accept UPS' version of events, effectively resulted in the forfeiture of those claims." (ECF No. 37 at 18.) But the court did not actually deem any of Lauchle's claims forfeited or base its summary judgment ruling solely on counsel's failure to comply with Local Rule 56.1. Instead, after applying the rule, the court went on to conduct the "full analysis" required before granting summary judgment despite violations of that rule. Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 614 (3d Cir. 2018). For that reason, the court's application of that rule—which was not an abuse of discretion, see id. at 613-14— was not the kind of sanction that "effectively dictate[d] the result" and thus required a Poulis inquiry. Knoll, 707 F.3d at 410. Nor do we understand the court to have opined that Lauchle in fact had meritorious claims that might have prevailed but for counsel's conduct. We express no opinion on that issue other than to note that our review reveals nothing suggesting that she did.

5

Cir. 2015).  Nor did the court abuse its discretion in previously denying, for lack of good

cause, Lauchle's motion to further extend the discovery deadline.  See Lehman Bros.

Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 102 (3d

Cir. 2015).  Finally, even if the court had erred in either respect, Lauchle has not shown

the prejudice necessary for relief on that issue.  See Crosbie, 47 F.4th at 146.  Lauchle

does not argue on appeal whether or how any particular additional discovery might have

allowed her claims to survive summary judgment, and her counseled arguments in the

District Court reveal nothing more than speculation on that point.  See id.[6]

III.

For these reasons, we will affirm the judgment of the District Court.  Lauchle's

requests for relief in her opening brief are denied.  See nn.1 & 3, supra.

---

[6] Lauchle argued in her summary judgment brief that she wanted more discovery regarding (1) harassment that she claims to have suffered by various UPS employees after she was terminated, and (2) a Muslim UPS employee whom she claims "walked off the job" because of UPS's masking policy and who thus should have been fired but was not.  (ECF No. 34 at 6-7, 14-15.)  On the first point, Lauchle has raised nothing suggesting that the alleged harassment was tied to any protected ground or otherwise supports her claims.  On the second point, UPS presented evidence that the incident regarding the Muslim employee was not related to masking.  Lauchle then claimed to have "numerous witnesses that will testify that [the Muslim employee] walked off the job as a result of the masking policy being enforced in 2021" (ECF No. 30 at 14), but she did not raise any reason why she could not have made an evidentiary showing on that point. And the only other discovery she claimed to require on that point was "additional depositions of the CEO of UPS and/or other people in the hierarchy of UPS."  (Id. at 15.) But Lauchle did not specify what she believed such depositions would have yielded, let alone whether or how they might have supported her claims regarding the Muslim employee or otherwise.

6