PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  12-1635
_____

TERA KNOLL,

Appellant

v.

CITY OF ALLENTOWN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-08-cv-04692)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
February 12, 2013

Before:  HARDIMAN, and ALDISERT, *Circuit Judges*
and STARK[*], *District Judge*

_____

[*]  The Honorable Leonard P. Stark, District Judge for the
United States District Court for the District of Delaware,

(Filed: February 21, 2013)

Donald P. Russo
Suite 42
35 East Elizabeth Avenue
Bethlehem, PA 18018
        *Attorney for Plaintiff-Appellant*

Edward J. Easterly
Steven E. Hoffman, Esq.
Tallman, Hudders & Sorrentino
1611 Pond Road
The Paragon Centre, Suite 300
Allentown, PA 18104-0000
        *Attorneys for Defendant-Appellee*

_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

    In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), we held that a district court must consider six factors before it may dismiss a case as a sanction before trial on the merits. This appeal requires us to decide whether *Poulis* applies in the post-trial context. We hold it does not.

---

sitting by designation.

2

I

In February 2008, Tera Knoll filed suit against the City of Allentown in the Court of Common Pleas of Lehigh County, Pennsylvania following her termination from the City's Parks Department. Knoll alleged claims of gender discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 *et seq.* Allentown removed the case to the United States District Court for the Eastern District of Pennsylvania.

After the District Court granted in part and denied in part Allentown's motion for summary judgment, a jury trial on the remaining claims commenced in June 2010. At the close of Knoll's case, the District Court granted in part Allentown's motion for judgment as a matter of law and dismissed Knoll's gender discrimination claim. The jury later returned a verdict in favor of Allentown on the harassment and retaliation claims.

On July 21, 2010, Knoll filed a motion for a new trial. On August 4, 2010, Allentown filed a response, arguing that the motion was meritless and also noting that Knoll had failed to comply with Eastern District of Pennsylvania Local Rule of Civil Procedure 7.1(e), which requires a litigant either to order a trial transcript or to file a verified motion showing good cause to be excused from that requirement within fourteen days of filing a post-trial motion. On September 9, 2010, the District Court dismissed Knoll's motion for a new trial for lack of prosecution, citing Knoll's noncompliance with Local Rule 7.1(e), as well as Knoll's failure to correct that noncompliance even after Allentown raised the issue in its response to the motion for a new trial. Knoll then filed a motion for reconsideration on

3

September 17, 2010. On September 27, 2010, Allentown filed a response to the motion for reconsideration along with a motion for sanctions, arguing that Knoll's motion for a new trial and motion for reconsideration were frivolous. Knoll responded to the motion for sanctions on October 7, 2010.

On December 7, 2010, the District Court held a hearing on Allentown's motion for sanctions. On September 30, 2011, the District Court denied the motion for sanctions and issued a memorandum opinion. Therein, the District Court noted that it believed Knoll's motions were frivolous but declined to order sanctions both because Allentown did not comply with Rule 11's safe harbor provision, *see* Fed. R. Civ. P. 11(c)(2), and because it was not convinced that Knoll's conduct was sanctionable under the law of this Court. On February 9, 2012, the District Court denied Knoll's motion for reconsideration. It found both that Knoll had failed to comply with Local Rule 7.1(e) and that her motion for a new trial was frivolous, citing the reasons it discussed in the memorandum opinion addressing Allentown's motion for sanctions.

II[1]

Knoll appeals the District Court's dismissal of her motion for a new trial and subsequent denial of her motion for

---

[1] The District Court exercised subject matter jurisdiction over Knoll's federal claims pursuant to 28 U.S.C. § 1331. The District Court exercised supplemental jurisdiction over Knoll's state claims under 28 U.S.C. § 1367. Removal from the Court of Common Pleas was proper under 28 U.S.C. § 1441. We have appellate jurisdiction under 28 U.S.C. § 1291.

reconsideration. She argues that the District Court erred when it failed to consider the factors set forth in *Poulis* before dismissing and denying the motions, respectively, pursuant to Local Rule 7.1(e). Because we hold that review of the *Poulis* factors is not required when a district court dismisses a post-trial motion for noncompliance with procedural rules or court orders, we will affirm.

A

Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Nevertheless, because we recognized that "dismissals with prejudice . . . are drastic sanctions," *Poulis*, 747 F.2d at 867, in *Poulis* we enumerated six factors[2] a district court must consider before it dismisses a case pursuant to such

---

[2] The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis deleted).

authority. *See id.* at 868. We have required consideration of the *Poulis* factors when a district court dismisses a case pursuant to Rule 37(b) for failure to respond to discovery, *e.g.*, *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 145, 161–62 (3d Cir. 2003); *Hicks v. Feeney*, 850 F.2d 152, 155–56 (3d Cir. 1988), when a district court dismisses a case pursuant to Rule 41(b) for failure to prosecute, *e.g.*, *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 128–29 (3d Cir. 1987), and when a district court enters a default judgment pursuant to Rule 55(b) as a sanction for failure to plead or otherwise defend, *e.g.*, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). In addition, we have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party. *E.g.*, *Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986).

Our application of *Poulis* in those contexts comports with the underlying concern *Poulis* sought to address, namely that dismissal as a sanction before adjudication of the merits deprives a party of her day in court. This concern resonates throughout our precedents. *See, e.g.*, *Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994); *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989); *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984); *cf. Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 131 (3d Cir. 2012) (Garth, J., dissenting) (citing the *Poulis* test as an example of the "length to which we have gone in preserving cases for a merits determination").

Likewise, the fact that we extended *Poulis* beyond cases in which there was an *explicit* order of dismissal to those cases in which alternative sanctions were *tantamount* to dismissal highlights our primary concern: to preserve the ability of the

6

parties to try their cases on the merits. Thus, when sanctions effectively dictate the result, *Poulis* applies. The converse is equally true; when sanctions do not preclude *all* claims or defenses such that a party still has her day in court, *Poulis* does not apply. *Compare Ali*, 788 F.2d at 957–58 (requiring consideration of the *Poulis* factors because the sanction of deeming certain material allegations of plaintiff's complaint admitted led inevitably to liability for the defendant and thus was tantamount to default judgment), *with Hagans v. Henry Weber Aircraft Distribs., Inc.*, 852 F.2d 60, 66 (3d Cir. 1988) (not requiring consideration of *Poulis* because, despite stiff sanctions, "plaintiffs in this case still may establish liability on at least some, if not all, of their theories . . . . Unlike the defendants in *Ali*, plaintiffs here will still have their day in court.").

In this appeal, Knoll implicitly urges us to extend *Poulis* to the post-trial context. We decline to do so. The concern animating *Poulis*—that dismissal will deprive a party of her day in court and preclude review of potentially meritorious claims—does not apply in the post-trial context. After all, the parties have already received an adjudication on the merits. Furthermore, although we acknowledge that, for instance, a dismissal of a motion for a new trial due to noncompliance with a procedural rule may deprive a party of an adjudication of that particular *motion* before the district court, it does not deprive that party of further review of the claims of error presented in such a motion. Those claims, so long as they have been properly raised and preserved, would be ripe for review on appeal to our Court. *See Hewlett v. Davis*, 844 F.2d 109, 115 n.3 (3d Cir. 1988).

Moreover, in the post-trial context, other elements of sound judicial administration assume greater significance: the inherent authority of courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link*, 370 U.S. at 630–31, and the existence of a final judgment that may be appealed, *see* Fed. R. App. P. 4(a)(4) (discussing the effect of a post-trial motion on a notice of appeal).

Finally, although we are mindful that *Poulis* operates in some cases to protect innocent parties from bearing the consequences of their attorneys' mistakes, *see Poulis*, 747 F.2d at 868 (factors one and four), we also acknowledge that parties cannot always "avoid the consequences of the acts or omissions of this freely selected agent," *Link*, 370 U.S. at 633–34. Indeed, the gravity of an attorney's errors in the post-trial context is mitigated because the parties have already received a merits determination on their claims and defenses. Furthermore, we are confident that our Court will ensure that claims of error made in post-trial motions will receive appropriate review on appeal even when the post-trial motion itself is dismissed without consideration of the *Poulis* factors.

For these reasons, we hold that a district court need not engage in a *Poulis* analysis when it dismisses a post-trial motion for noncompliance with procedural rules or court orders.

B

Although we hold that an analysis of the *Poulis* factors is not necessary in the post-trial context, we continue to adhere to the view that "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869. We review dismissal of a post-

8

trial motion as a sanction for abuse of discretion. *See Hewlett*, 844 F.2d at 114.

In this case, we cannot say that the District Court abused its discretion in dismissing Knoll's motion for a new trial and denying her subsequent motion for reconsideration. First, the dismissal sanction was specifically authorized by Local Rule 7.1(e), the validity of which Knoll does not challenge. We have previously recognized that "local rules play 'a vital role in the district courts' efforts to manage themselves and their dockets.'" *Smith*, 845 F.2d at 1184 (quoting *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570 (3d Cir. 1985)). They "facilitate the implementation of court policy, both by setting norms and putting the local bar on notice of their existence," and "serve to impose uniformity on practice within a district." *Id.*

Second, Knoll had ample time to comply with Local Rule 7.1(e). She was notified of her noncompliance by Allentown's response to her motion for a new trial on the fifteenth day after she filed the motion, and she still had not complied with the rule by the time the District Court dismissed the motion thirty-six days later. Indeed, in dismissing the motion, the District Court specifically noted the fact that "plaintiff did not order a transcript or file a verified motion showing good cause [to excuse that requirement] after the defendant cited the rule in its response to the motion for new trial." Knoll's motion for reconsideration then remained pending for one year, four months, and twenty-three days before it was denied. At no point did Knoll comply with the rule or even address why she had not complied. Given Knoll's inaction, the District Court was well within its discretion to dismiss the motions.

III

9

In an act of apparent desperation, Knoll accuses the learned trial judge of bias. She points to two comments made in the District Court opinion denying Allentown's motion for sanctions as evidence of this bias: the opinion calls Knoll's case a "silly case" and characterizes her motion for a new trial as "patently frivolous." *Knoll v. City of Allentown*, 2011 WL 4528336, at *1–2 (E.D. Pa. Sept. 30, 2011).

These comments are patently insufficient to support a claim of bias. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Knoll has failed to demonstrate the "deep-seated favoritism or antagonism" that is required by *Liteky*. The District Court's comments do not arise from an extrajudicial source and are "assessments relevant to the case, whether they are correct or not." *United States v. Wecht*, 484 F.3d 194, 220 (3d Cir. 2007). As such, they do not demonstrate bias, even if they are "expressions of impatience, dissatisfaction, [or] annoyance." *Liteky*, 510 U.S. at 555; *see also Wecht*, 484 F.3d at 220–21.

IV

For the reasons stated, we hold that a district court is not required to engage in an analysis of the *Poulis* factors before it dismisses a post-trial motion for noncompliance with procedural rules or court orders. We will therefore affirm.