NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1971
_____

UNITED STATES OF AMERICA EX REL
GARY CRESSMAN,
                                        Appellant

v.

SOLID WASTE SERVICES, INC., T/D/B/A J.P. Mascaro & Sons
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-13-cv-05693)
District Judge:  Honorable Nitza I. Quinones Alejandro
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2016

Before:  FISHER, KRAUSE and GREENBERG, *Circuit Judges*.

(Filed:  December 13, 2016)
_____

OPINION*
_____

---

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), we held that a district court must consider six factors[1] before it may dismiss a case as a sanction before trial on the merits. Relying on *Poulis*, Appellant Gary Cressman appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his qui tam action as a sanction for failure to prosecute. For the reasons that follow, we will vacate the dismissal and remand this case for further proceedings.

I.

On September 30, 2013, Cressman filed a qui tam action alleging that the Defendant, Solid Waste Services, Inc., violated the False Claims Act ("FCA")[2] by falsely certifying that it was disposing of leached water in compliance with government regulations. The government declined to intervene, and, after denying a motion to dismiss the complaint, the District Court ordered the parties to file their initial disclosures within 14 days. When Cressman failed to do so, the Defendant filed a motion to compel and for sanctions. Ruling on that motion, the District Court ordered Cressman to produce his disclosures within seven days.

---

[1] The factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis,* 747 F.2d at 868 (emphasis removed).

[2] 31 U.S.C. § 3729 *et seq.*

2

Cressman filed his initial disclosures eight days after that second order was filed. That same day, the Defendant moved for sanctions, requesting that Cressman's complaint be dismissed with prejudice for his failure to produce his initial disclosures in a timely fashion. Cressman failed to respond and the Court ordered Cressman to show cause why the matter should not be dismissed. In that order, the District Court indicated that "[failure to respond] shall be deemed a failure to prosecute and comply with this Court's Orders, and will result in dismissal of this action."[3]

Cressman failed to respond again and on March 21, 2016, the District Court dismissed Cressman's suit with prejudice for failure to prosecute.[4] Later that day, Cressman moved the District Court to reconsider, vacate, or rescind that dismissal because the District Court did not balance the six *Poulis* factors.[5] The Defendant responded, arguing that the *Poulis* factors made dismissal appropriate in this case. On March 28, 2016, the District Court entered a single-sentence order denying Cressman's motion to vacate.[6] This appeal followed.

## II.

The District Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3730. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. "We review a dismissal for failure to prosecute . . . for an abuse of

---

[3] J.A. 218A.
[4] J.A. 234A.
[5] J.A. 230A-31A.
[6] J.A. 284A.

discretion, but the district court must have considered less severe sanctions."[7] "In determining whether a District Court has abused its discretion . . . we will be guided by the manner in which the court balanced the *Poulis* factors."[8]

III.

On appeal, Cressman argues that the District Court abused its discretion because it failed to weigh the *Poulis* factors before dismissing this case, and because a balancing of the *Poulis* factors favors reinstatement of the case for adjudication on the merits. Because we agree with Cressman's first argument, we will not consider the second, and we will vacate and remand for the reasons stated below.

A.

Although "[b]oth the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders," we have long "recognized that 'dismissals with prejudice . . . are drastic sanctions.'"[9] Accordingly, "in *Poulis* we enumerated six factors a district court must consider before it dismisses a case pursuant to such authority."[10]  Since *Poulis*, we have explained that "consideration and balancing

---

[7] *Jewelcor Inc. v. Asia Commercial Co.,* 11 F.3d 394, 397 (3d Cir. 1993).
[8] *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) (quoting *Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986)).
[9] *Knoll v. City of Allentown,* 707 F.3d 406, 409 (3d Cir. 2013) (quoting *Poulis*, 747 F.2d at 867).
[10] *Id*.

of *all six* of the factors" is "required."[11] We have added that "it is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the *Poulis* factors before it undertakes its analysis"[12] and grants a dismissal.

Applying those principles here, we conclude that the District Court abused its discretion for two reasons. First, the record does not show any evidence that the District Court considered the *Poulis* factors before dismissing this case. Indeed, far from weighing them, the District Court did not mention *Poulis* at all.

Second, contrary to the Defendant's claims otherwise, our decision in *Asbestos Products* does not dictate a different conclusion. In that case, we affirmed the District Court's dismissal of twelve cases for the Plaintiffs' non-compliance with an administrative order and indicated that our review of a dismissal should be "more measured" when a plaintiff is given "an opportunity to present arguments against dismissal."[13] Nonetheless, in affirming the District Court's dismissal with prejudice, "we ha[d] little difficulty concluding that the District Court considered and weighed the [*Poulis*] factors" because, "[w]hile [the District Court] did not explicitly weigh all the factors," it "clearly considered" their applicability.[14] Unlike in *Asbestos Products*, where

---

[11] *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003) (emphasis in original); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) ("We have required district courts to consider these factors because dismissal with prejudice is, undeniably, a drastic sanction.").

[12] *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

[13] *In re Asbestos Prods.*, 718 F.3d at 247-48.

[14] *Id.* at 248.

the district court had previously "discuss[ed] the *Poulis* factors" and the parties "addressed them fully in their briefs," we have no basis to infer that the District Court considered their applicability here.[15]

IV.

Accordingly, because it was an abuse of discretion for the District Court to dismiss Cressman's complaint without considering the *Poulis* factors, we will vacate the District Court's dismissal order and remand this case to the trial court for further proceedings.[16]

---

[15] *Id.*

[16] Since this error alone warrants remand, we take no position on whether dismissal is an appropriate sanction upon a proper balancing of the *Poulis* factors—our holding is simply that the District Court must consider these factors before this action is dismissed.