NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1206
_____


JOAN Y. SUMMY-LONG,

Appellant

v.

PENNSYLVANIA STATE UNIVERSITY;
PENN STATE COLLEGE OF MEDICINE, ("PSCM");
GRAHAM B. SPANIER, Ph.D.,
President of Pennsylvania State University;
HAROLD L. PAZ, M.D., Senior Vice President for Health Affairs,
Dean and Chief Executive Officer of PSCM;
DARRELL G. KIRCH, M.D., former Senior Vice President for
Health Affairs, Dean and Chief Executive of PSCM;
KEVIN GRIGSBY, D.W.S., Vice Dean of Faculty and Administrative
Affairs at PSCM; C. MCCOLLISTER EVARTS, M.D., former Senior
Vice President for Health Affairs, Dean and Chief Executive
Officer PSCM; ELLIOT S. VESELL, Sc.D., Former Chair
of the Department of Pharmacology of PSCM;
WAYNE ZOLKO, Associate Vice President for Finance and
Business and Controller of PSCM; KENT E. VRANA, Ph.D.,
current Chair of the Department of Pharmacology PSCM;
MELVIN BILLINGSLEY, former Acting Chair of the
Department of Pharmacology of PSCM

_____


Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-06-cv-01117)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2017

Before: AMBRO, KRAUSE, <u>Circuit Judges</u>, and CONTI♦, <u>Chief District Judge</u>

(Opinion filed: November 6, 2017)

────────────

OPINION*

────────────

AMBRO, <u>Circuit Judge</u>

Dr. Joan Summy-Long ("Summy-Long") brought claims against her former employer, Pennsylvania State University ("Penn State"), under Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, the Federal Equal Pay Act, 42 U.S.C. §§ 1983 & 1985, the Pennsylvania Human Relations Act, the Pennsylvania Equal Pay Act, and the Pennsylvania Equal Rights Amendment. The theme is that she suffered wage disparity on account of her gender. After Summy-Long abandoned her Pennsylvania Equal Pay Act and Pennsylvania Equal Rights Amendment claims, the District Court granted summary judgment to Penn State, holding that she failed to establish a *prima facie* case of sex discrimination and otherwise could not show that Penn State's explanations were a pretext for discrimination. We agree and thus affirm.

─────────────────────

♦ Honorable Chief Judge Joy Flowers Conti, District Court Judge for the Western District of Pennsylvania, sitting by designation.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The facts of this case are well known to the Court and the parties. *See Summy-Long v. Pennsylvania State Univ.*, 226 F. Supp. 3d 371 (M.D. Pa. 2016); *Summy-Long v. Pennsylvania State Univ.*, No. 1:06-CV-1117, 2010 WL 4514312, at \*1 (M.D. Pa. Nov. 2, 2010).

We review determinations on summary judgment *de novo*. *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). It is appropriate when "the movant shows that there is no genuine dispute as to any material fact and . . . is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Despite a long and settled history to the contrary, Summy-Long asked the District Court to construe her sex discrimination claims as asserting a disparate impact theory of liability. Disparate impact occurs when policies, practices, rules or other systems that appear to be neutral result in a disproportionate effect on a protected group, as opposed to disparate treatment claims that involve discriminatory decisions regarding an individual. *See Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); 42 (U.S.C. § 20003-2(k).

The District Court refused Summy-Long's request; it reasoned that she styled and prosecuted her action as a disparate treatment claim and thus was precluded from attempting to include other theories of liability at the eleventh hour in her summary judgment brief. We agree. Our Court has upheld decisions made by district courts rejecting disparate impact claims that were raised for the first time in summary judgment, expressing concerns over potential prejudice, expansion of burdens, and delay. *See e.g., Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 641 (3d Cir. 1993).

3

We apply the same legal standard for all of Summy-Long's sex discrimination claims. Title VII and the PHRA prohibit an employer from discriminating against its employees on the basis of sex. 42 U.S.C. § 2000e-2(a)(i); 43 PA. CONS. STAT. § 955(a). Title IX applies the same prohibition to recipients of federal funds. 20 U.S.C. § 1681(a). "Following the Supreme Court's lead in turning to Title VII jurisprudence for Title IX cases, lower courts have adopted the Title VII framework to analyze Title IX [ ] claims." *Atkinson v. Lafayette Coll.*, 653 F. Supp. 2d 581, 594 (E.D. Pa. 2009). This means Summy-Long's claims are analyzed under burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To survive summary judgment, a plaintiff must establish a *prima facie* case by showing (1) she is a member of a protected class, (2) she was qualified for the position, (3) she suffered an adverse action, and (4) this occurred under circumstances that raise an inference of discriminatory action. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). If Summy-Long meets the *prima facie* test, the burden shifts to Penn State to offer a legitimate, non-discriminatory reason for its actions. *Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir. 2000). If it does so, Summy-Long must then point to evidence from which a reasonable jury could find that the University's explanation is a pretext for discrimination and not the real motivation for its actions. *Sarullo*, 352 F.3d at 797.

Summy-Long fails at the *prima facie* stage. She relies on the history of salary studies at Penn State's Medical College that show she, as well as other female faculty, received lower salaries than their male comparators. However, our Court has previously instructed district courts to treat statistical evidence with caution in disparate treatment

4

cases. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1217 (3d Cir. 1988). The reason is that the inquiry involves decision-making related to the individual rather than the group. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 867 (1984).

The Haignere Report relied on by Summy-Long did not establish causation for any salary disparities, analyze individualized circumstances, or explain the qualitative aspects of the faculty. Further, the only salary inputs were taken from the 2001-2002 academic year, which is outside of the relevant time period, here after June 2, 2003.

Even had Summy-Long crossed the *prima facie* threshold, she failed to show that Penn State's legitimate, non-discriminatory explanation of substandard academic performance is mere pretext. Penn State has cited numerous items in the record that Summy-Long's salary reflected a lack of academic performance in comparison to her colleagues. She was urged to increase publications and to obtain external funding to support her research and a required portion of her salary. She was also offered a position as a committee chair by her boss but refused. Summy-Long failed to apply timely to renew her National Institute of Health grant even after being reminded repeatedly for three years by her superior. She also failed to respond with any affirmative evidence that Penn State's explanation regarding her salary is pretextual. We thus affirm the District Court's summary judgment in favor of Penn State regarding her sex discrimination claims.

Summy-Long also appeals the summary judgment against her as to her claim under the Federal Equal Pay Act. To establish a *prima facie* case here, a plaintiff must show that employees of the opposite sex were paid more for performing work under

5

similar conditions that required substantially "equal skill, effort, and responsibility." 29 U.S.C. § 206(d)(1); *Stanziale*, 200 F. 3d at 107. Substantial equality is not determined by job titles; it turns on "actual job content." *Brobst v. Columbus Servs. Int'l*, 761 F.2d 148, 155 (3d Cir. 1985). If a plaintiff is able to demonstrate a *prima facie* Equal Pay Act case, the burden then shifts to the employer to show that the pay difference resulted from (1) a *bona fide* seniority system, (2) a merit system, (3) a system that measures earnings by quantity or quality of production, or (4) a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1).

As with Summy-Long's sex discrimination claims, even if she were able to demonstrate a *prima facie* Equal Pay Act case, Penn State has shown an affirmative defense that she has not overcome. It awards salary based on a merit system. The difference in Summy-Long's salary compared to her male coworkers resulted from, among other things, her lack of publications and failure to obtain external funding. Hence we affirm here as well.

The District Court also properly granted summary judgment to Penn State on the merits of Summy-Long's retaliation claims. There were four asserted bases for retaliation: (1) reduction of lab space; (2) her name was not listed on the Neural Science and Behavior Department faculty website; (3) medical misdiagnosis by doctors not parties to this claim; and (4) negative working conditions in the Pharmacology Department. At the *prima facie* stage Summy-Long must show: (1) protected employee activity; (2) adverse action by employer after or concurrent with the protected activity;

6

and (3) a causal connection between the two. *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 449 (3d Cir. 2015).

Reduction in lab space was not an adverse action, as lab space is awarded based on external grant funding that Summy-Long did not have. Her name was missing from the faculty web site simply because it had not been updated in years. She alleges that Penn State doctors misdiagnosed her skin tumor, classifying it as squamous cell carcinoma, and when they recommended a second excision it showed she was cancer-free. Not only have the doctors never been parties to this claim, but Summy-Long fails to show the alleged misdiagnosis was in any way motivated by her protected activity. Additionally, the negative working conditions in Pharmacology consisted of rudeness from an assistant and an omission of her name in an article, which are not sufficiently adverse. Moreover, Summy-Long failed to show any causal relation of the University's action to her protected activity. Yet again, a *prima facie* case for retaliation is not met.

The remainder of Summy-Long's appeal relates to discovery. The District Court denied her last minute motion to compel, and she appeals. We review that denial under an abuse-of-discretion standard. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990). Summy-Long submitted a discovery request on January 3, 2014—regarding performance and salary information for multiple Penn State employees dating back to the 1970s—to which Penn State promptly objected and repeated its objection two months later. Yet she waited almost twenty months to challenge the objections and compel production of the documents, filing a motion to compel on the very last day of discovery. The District Court denied it as untimely.

7

Summy-Long has failed to show that she was unable to file the motion to compel discovery in a diligent manner, rather than months after the second round of objections by Penn State. Our Court has held that a district court's discovery ruling will not be reversed without determining that it resulted in actual and substantial prejudice and was a "gross abuse of discretion resulting in fundamental unfairness." *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982). We make no such determination here.

The District Court also properly limited the scope of discovery to alleged discriminatory practices occurring on or after June 2, 2003. Summy-Long does not challenge that this is the law of the case relative to monetary relief, but claims that the Court erred in determining that the scope of the evidentiary time frame relevant to her case is also limited to after 2003. What this ignores is that the District Court's ruling took place in the context of deciding Summy-Long's motion to compel, which sought the production and performance of her comparators as far back as 1978. The Court relied on the fact that, since 2010, the parties had proceeded on the basis that this case involved salary-related issues only for the period during and after 2003. Based on this, it properly declined to expand the scope of the case by approximately twenty-five years after the case already had been pending for nine years.

Finally, Summy-Long claims that the District Court was biased against her. While the Court may have referred to its frustration related to Summy-Long's frequent changes of counsel and requests for deadline extensions, it carefully reviewed and explored all pertinent factual and legal issues before coming to a decision.

Critical comments by a judge in an opinion or during court proceedings do not by themselves make for bias or prejudice. *See Knoll v. City of Allentown*, 707 F.3d 406, 411 (3d Cir. 2013). What is needed is a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007), as amended (July 2, 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)). The record reveals none of that here.

We affirm in all respects.