**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-3552 and 19-1985
_____

KHALIL K. HAMMOND,
Appellant

v.

LANCASTER CITY BUREAU OF POLICE; CITY OF LANCASTER;
DETECTIVE SERGEANT JARRED P. BERKIHISER;
DETECTIVE MICHAEL GERACE;
ASSISTANT PUBLIC DEFENDER DAVID L. BLANCK;
ATTORNEY MARK F. WALMER;
LANCASTER COUNTY'S DISTRICT ATTORNEYS OFFICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-01885)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2020

Before:  AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 8, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Khalil Hammond appeals from a number of orders of the United States District Court for the Eastern District of Pennsylvania. We will vacate the District Court's judgment and remand for further proceedings.

I.

Hammond filed a civil rights complaint against the Lancaster City Bureau of Police and employees of the Lancaster County District Attorney's Office, claiming that Defendants intentionally destroyed his property. On screening, Judge Thomas N. O'Neill, Jr., dismissed Hammond's Fourth Amendment claims as time-barred, dismissed his Eighth Amendment claims for failure to state a claim, dismissed his Due Process claims because Hammond had an adequate state law remedy, and stated that his state-law claims might be viable, based on diversity jurisdiction, but that Hammond had not indicated that the parties were diverse. Dkt. #5. The District Court dismissed the complaint without prejudice to amendment (without explicitly barring Hammond from raising any of the dismissed claims). Dkt. #6. Hammond filed a first amended complaint ("FAC"), adding claims and attempting to cure the time bar. Dkt. #14. In the meantime, the case was reassigned to Judge Timothy J. Savage, who, without any comment on the adequacy of the amended complaint, ordered that it be served on defendants. Dkt. #15.

There was a settlement conference (apparently unsuccessful), some discovery, and Defendants filed motions to dismiss. Hammond also filed a motion for leave to file a

second amended complaint ("SAC"), which the District Court denied without prejudice on August 1, 2018, because Hammond had failed to include the proposed complaint. Dkt. #56. One group of defendants eventually filed a motion for sanctions because Hammond had not replied to their discovery requests. Dkt. #59. In an order entered on August 29, 2018, the District Court ordered Hammond to respond to the requests on or before September 14, 2018, or the "action will be dismissed." Dkt. #61.

On September 18, 2018, the District Court entered three orders granting the various defendants' motions to dismiss the FAC. Two of the orders stated in a footnote that Hammond had failed to respond to the motion to dismiss by the deadline. Dkt. #64, 66. The third stated in a footnote that Hammond had not complied with the Court's order to respond to discovery requests. Dkt. #65. That is the extent of the reasoning in the orders.

The Court then received Hammond's motion (his second) to file a second amended complaint—this time with a proposed complaint. The postmark on the envelope is September 14, 2018, four days before the orders dismissing the FAC. The District Court ordered the Defendants to respond. Dkt. #68. All filed responses in opposition. On October 15, 2018, the District Court entered an order denying the motion to file the SAC, stating in a footnote: "The proposed second amended complaint does not cure the deficiencies in both plaintiff's complaint and his amended complaint. His claims

3

are barred by the statute of limitations and he fails to state a claim upon which relief can be granted." Dkt. #72.

Hammond filed a motion for reconsideration of the September 18 orders, dated October 19, 2018. Dkt. #73. The District Court denied the motion on December 6, 2018. Dkt. #80. In the meantime, Hammond filed a notice of appeal on November 5, 2018. Dkt. #77. Hammond also filed an untimely motion to reopen the appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure in February 2019. Dkt. #83. The District Court denied it on March 20. Dkt. #86.

Hammond then filed a motion for reconsideration of the March 20 order, which the District Court also denied, in an order entered on April 5. Hammond filed a notice of appeal (dated April 22) from the March 20 and April 5 orders. That appeal was docketed at C.A. No. 19-1985 and was later consolidated with Hammond's earlier appeal.

II.

We first consider our jurisdiction. Because Hammond's motion to file the SAC was "filed" before the District Court's September 18 orders, see Pearson v. Sec'y Dep't Corr., 775 F.3d 598, 600 n.2 (3d Cir. 2015), and because the District Court denied the motion on the merits in its October 15, 2018 order, we agree with the parties that the October order was a final, appealable order. Hammond's notice of appeal, filed on November 5, 2018, was timely as to that order, see Fed. R. App. P. 4(a)(1)(A), and also

4

"dr[ew] in question all prior non-final orders and rulings," including the September 18 orders, see Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010).

And although Hammond's notice of appeal did not name the October 15 order by date, see Fed. R. App. P. 3(c)(1)(B), we construe notices of appeal liberally. Sulima, 602 F.3d at 184. "[W]e can exercise jurisdiction over orders not specified in the Notice of Appeal if: "(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Id. (internal quotation marks omitted). Here, there is a clear connection between the September 18 orders, dismissing the action, in part, for Hammond's failure to submit an amended complaint, and the October 15 order ruling on the amended complaint that he submitted. Hammond's intention to appeal the October 15 order is clear from his informal brief. See Satterfield v. Johnson, 434 F.3d 185, 191 (3d Cir. 2006) (determining that an order could be reviewed where the intention to appeal was apparent in the opening brief). And the Appellees are not prejudiced, because they had notice of Hammond's intent to appeal the order and had the opportunity to address the order in their briefs. See id.

As for the District Court's December 6, 2018 order denying Hammond's October 2018 motion for reconsideration, we lack jurisdiction, as Hammond did not file a timely

5

notice of appeal or amended appeal following that order.  See Fed. R. App.

4(a)(4)(B)(ii).[1]

We also have jurisdiction to consider the District Court's March 20, 2019 order

denying Hammond's motion to reopen the time to appeal, and the District Court's April

5, 2019 order denying his motion for reconsideration of the March 20 order, as Hammond

timely filed an appeal on April 22, 2019.  See Fed. R. App. P. 4(a)(1)(A), 4(a)(4).

III.

March and April 2019 orders

As noted, we have jurisdiction to consider the District Court's March and April

2019 orders denying Hammond's motion to reopen the time to appeal and his motion for

reconsideration.  However, because those motions were directed only at establishing our

jurisdiction to consider the District Court's earlier orders dismissing Hammond's FAC

and SAC, and because we have jurisdiction to consider those orders through Hammond's

timely November 5, 2018 notice of appeal, we need not consider whether the District

---

[1] We considered whether Hammond's jurisdictional response, filed in this Court and dated December 10, 2018, should be construed as an amended notice of appeal of the December 6 order.  But because we are vacating the District Court's September and October 2018 orders (see below), we need not consider whether we might have jurisdiction to review the December 6 order, as the District Court's disposition of Hammond's motion for reconsideration is essentially moot.  See Hamilton v. Bromley, 862 F.3d 329, 334 (3d Cir. 2017) (noting that mootness is a jurisdictional question); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578, 584 (1999) (noting that "there is no unyielding jurisdictional hierarchy" or mandatory "sequencing of jurisdictional issues").

6

Court abused its discretion in denying those motions.  Cf. United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006) (suggesting that district court orders denying motions to reopen the time to appeal are reviewed for abuse of discretion).

### The September and October 2018 orders

The District Court's September 18, 2018 orders do not address the merits of Hammond's FAC and only can be construed as dismissing the FAC as a sanction.  But when a court dismisses a case as a sanction, it must first do an analysis of the six factors set out in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).[2] See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013) (noting that although court has inherent authority to dismiss a case as a sanction for failure to follow procedural rules or court orders, a court must consider Poulis factors before dismissing such a case with prejudice).  The orders here do not have any analysis or reasoning, and they are not accompanied by an opinion.[3]

As to the October order denying the motion to file the SAC, we have determined that the District Court abused its discretion.  See In re Burlington Coat Factory Sec.

---

[2] Those factors are:  "(1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense."  Poulis, 747 F.2d at 868.

[3] The District Court could have dismissed any or all counts for failure to state a claim, without engaging in a Poulis analysis.  Cf. Anchorage Assocs. v. V.I. Bd. of Tax Review,

<u>Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997) (explaining standard of review).  Under

Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice

so requires."  "Among the grounds that could justify a denial of leave to amend are undue

delay, bad faith, dilatory motive, prejudice and futility."  <u>In re Burlington Coat Factory

Sec. Litig.</u>, 114 F.3d at 1434.  The District Court, in two sentences, noted that the SAC

did not cure the deficiencies of the original complaint and the FAC, but the District Court

had never given any indication that the FAC was deficient in any manner.  Indeed, the

District Court had allowed the matter to proceed to discovery and a settlement

conference.  <u>See also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (explaining that

although "the grant or denial of an opportunity to amend is within the discretion of the

District Court, . . . outright refusal to grant the leave without any justifying reason

appearing for the denial is not an exercise of that discretion; it is merely an abuse of that

discretion and inconsistent with the spirit of the Federal Rules").

For these reasons, we will vacate the District Court's September 18, 2018 orders

and its October 15, 2018 order and will remand for further proceedings.

---

922 F.2d 168, 178 (3d Cir. 1990) ("We have never held . . . that consideration of <u>Poulis</u> type factors is required before a court enters a summary judgment on an uncontested Rule 56 motion").  But the Court here did not indicate that it considered whether each count stated a claim.