**\*AMENDED BLD-137**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1584
_____

IN RE: SANDRA HARMON,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1:18-cv-01021)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 28, 2022
Before:  MCKEE, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: July 27, 2022)
_____

OPINION*
_____

**PER CURIAM**

Pro se appellant Sandra Harmon has filed a petition for writ of mandamus related

to her lawsuit that has been dismissed by the District Court.  For the reasons that follow,

we will deny the petition.

In 2018, Harmon filed a civil rights action under 42 U.S.C. § 1983.  The

defendants filed a motion to dismiss, arguing that the District Court should abstain under

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Younger v. Harris, 401 U.S. 37 (1971), and the District Court agreed and granted the motion. When Harmon appealed, we vacated that ruling and remanded for further proceedings because the District Court used an incorrect standard in its abstention analysis. Harmon v. Dep't of Finance, 811 F. App'x 156 (3d Cir. 2020) (per curiam). On remand, the District Court considered the abstention issue using the standard we referenced from Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), and decided against abstaining under Younger. See District Court February 2, 2021 Mem. Op. and Order. It later dismissed the lawsuit on res judicata grounds and dismissed Harmon's motion for summary judgment as moot. See District Court March 3, 2022 Mem. Op. and Order. Harmon filed an appeal and this petition for mandamus relief.

In this action, Harmon requests that we vacate the District Court's order dismissing her case and that we issue summary judgment in her favor. See Mandamus Petition at 9. According to Harmon, the District Court has "engaged in collusion with defense counsel" and "has yet to comply with the mandate issued on remand to the District Court." Id. at 7 (capitalizations omitted).

Mandamus is an extraordinary remedy granted only when a party has no other adequate means to obtain the desired relief, the party's right to the relief is "clear and indisputable," and "the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). Harmon fails at the first step, because she has not demonstrated that she cannot pursue the relief she seeks via an appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (explaining that the writ of

mandamus "must not be used as a mere substitute for appeal"). Indeed, Harmon has already filed an appeal from the District Court's order dismissing her lawsuit, and that appeal remains pending. See Harmon v. Dep't of Finance, C.A. No. 22-1556. She provides no reasons why the issues, including her vague assertion that the District Judge is biased against her, cannot be addressed within the contours of an appeal. See Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir. 2013) (addressing a judicial bias claim on appeal).[1]

Accordingly, we will deny the petition for writ of mandamus. The parties' outstanding motions are all denied.

---

[1] We note that Harmon filed in the District Court a motion to recuse the District Judge on the day before she filed this mandamus petition. See ECF No. 74. The District Court has not yet ruled on it. As for her claim of partiality here, Harmon has provided no facts upon which a reasonable person "would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

3