**DLD-019**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2744
_____

IN RE: GERALD EDWARDS,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-19-cv-01897)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 27, 2022
Before:  JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed: November 3, 2022)
_____

OPINION*
_____

**PER CURIAM**

Gerald Edwards petitions this Court for a writ of mandamus pursuant to 28 U.S.C.

§ 1651.  For the following reasons, we will deny the petition.

In 2019, Edwards filed a civil action in the District Court for the Eastern District

of Pennsylvania against Sandra Morgan, a Code Enforcement Officer for Middletown

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Township in Bucks County, Pennsylvania. The complaint alleged violations of his due process rights during Morgan's reinspection of his property after Edwards' conviction for six property code violations. In August 2020, Edwards filed a "criminal complaint" with the District Court against Morgan and her attorney of record. In an order entered November 23, 2020, the District Court granted Morgan's motion for summary judgment and motion to strike the criminal complaint. Edwards filed an untimely appeal, which we dismissed for lack of appellate jurisdiction. See Edwards v. Morgan, C.A. No. 21-1063.

In his mandamus petition, Edwards alleges that the District Judge was biased against him in adjudicating his civil complaint. He seeks an order granting him summary judgment.

Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651. Mandamus provides a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Edwards must show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). He cannot make this requisite showing.

First, given that the underlying matter in the District Court has been dismissed, there is no pending action over which a writ of mandamus might aid our jurisdiction. See

2

United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). Second, Edwards did not seek timely review of the District Court's order; he may not use mandamus as a substitute for an appeal. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (noting that, "given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal") (citation omitted).[1]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[1] The District Court docket reflects that Edwards did not file a motion to recuse in the District Court, and there is no basis for concluding that his allegations of bias, vague as they are, could not have been addressed within the contours of a properly filed appeal. See Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir. 2013) (addressing a judicial bias claim on appeal); cf. In re Sch. Asbestos Litig., 977 F.2d 764, 775 (3d Cir. 1992).