**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-3260

———————

DALE MORGAN,
                                Appellant

v.

COUNTY OF CENTRE, PA; MICHAEL D. BROWN, State Trooper;
BERNIE CANTORNA, District Attorney for Centre County; MARK S. SMITH;
SPRING TOWNSHIP POLICE DEPARTMENT; LUKE NELSON, Spring Township
Police Officer; OFFICER JOHN DOE #1, Law enforcement officers employed by PA
State Police; JOHN DOE, ESQ #1, Centre County District Attorney's Office

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:23-cv-00872)
District Judge: Honorable Matthew W. Brann

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 4, 2025

Before: CHAGARES, *Chief Judge*, FREEMAN and BOVE, *Circuit Judges*

(Opinion filed: January 12, 2026)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FREEMAN, *Circuit Judge.*

Dale Morgan appeals three orders related to the dismissal of his 42 U.S.C. § 1983 claims.  We will affirm all three.

**I**

A.

In January 2019, a suspect in an identity-theft ring rented a car that she turned over to Horace Henry to drive.  When a Pennsylvania State Trooper stopped the rental car for traffic violations, Henry showed the trooper a fake driver's license that bore Henry's photograph but Dale Morgan's name and other identifying information.  The state trooper believed the license was real, so he issued traffic violations but did not detain Henry.  The fake license and the rental car were later linked to the identity-theft ring being investigated by various agencies, including the Spring Township Police Department (STPD) and one of its officers, Officer Luke Nelson.

A few weeks later, law enforcement officers were surveilling the rental car as part of the identity-theft investigation.  Pennsylvania State Trooper Michael Brown saw Henry and another co-conspirator use the rental car to pick up cell phones they had purchased with stolen identities.  Brown detained the co-conspirator, but Henry got away in the rental car.  From the scene of the arrest, officers recovered an iPad that contained photos of Henry and Henry's true identifying information.

Brown believed the suspect who got away in the rental car was Morgan, so he obtained an arrest warrant for Morgan.  Although Brown had access to the iPad containing Henry's photos and identifying information, Brown did not review the content

2

of the iPad. Nor did he review surveillance video footage of Henry or compare Henry's and Morgan's images. Had Brown done so, he would have learned that Morgan was a 6'1", 220-pound dark-skinned black male, while Henry was a 5'3", 150-pound, light-skinned black male.

In March 2019, Morgan was arrested, charged with Henry's crimes, and detained for nine days before the charges against him were withdrawn.

B.

In 2021, Morgan filed a complaint in the United States District Court for the Eastern District of New York against several defendants, two of whom remain parties in this appeal: Brown and Centre County, Pennsylvania. Morgan, who was represented by counsel, did not serve the complaint for six months. In 2022, the court granted Morgan leave to amend his complaint, but Morgan failed to meet the court's deadline. Nonetheless, the court permitted him to file a First Amended Complaint in November 2022, and it transferred the case to the United States District Court for the Middle District of Pennsylvania ("the District Court") in 2023.

Brown and Centre County each moved to dismiss the claims against them. In October 2023, the District Court dismissed the claims against those defendants without prejudice and granted Morgan leave to further amend his complaint. In November 2023,

3

Morgan filed his Second Amended Complaint, which named the STPD and Officer Nelson (collectively, "the Township Defendants") as defendants for the first time.[1]

Brown, Centre County, and the Township Defendants filed three separate motions to dismiss the complaint. Morgan's response was noncompliant with the District Court's Local Rules, and the movants sought to strike it on that basis, but the District Court declined to do so. Instead, it addressed the substance of the motions and dismissed the claims against all moving defendants in an April 2024 order. Most of the dismissals were without prejudice, and the District Court permitted Morgan to amend his complaint one more time, though it cautioned Morgan about his repeated violations of court rules.

The Township Defendants filed a motion for reconsideration of the part of the April 2024 order that dismissed the claims against them without prejudice. They sought a dismissal with prejudice, arguing that the statute of limitations expired before Morgan named them as defendants and that Morgan's claims against them did not relate back to his earlier claims.

Morgan obtained a 45-day extension of time to file a response, and then he failed to respond by the extended deadline. In a July 2024 order, the District Court granted the Township Defendants' reconsideration motion as unopposed and dismissed the claims against those defendants with prejudice.

---

[1] As the District Court noted, Morgan did not file a redlined version of the Second Amended Complaint as required by the District Court's Local Rules.

Morgan sought reconsideration of the July 2024 order based on the personal hardships and professional obligations of one of his attorneys.[2] The District Court denied Morgan's motion in September 2024. It explained that Morgan did not demonstrate good cause for his failure to file a timely response, which was "simply the latest in a long line of such failures" and which came after the Court warned Morgan that such failures could result in sanctions. App. 83. The Court expressed sympathy for Morgan's attorney's personal hardships, but it noted that they "are not a basis to allow her to continue to waste the Court's and the litigants' time." App. 84.

Meanwhile, Morgan filed his Third Amended Complaint. With the dismissal of the Township Defendants, the only remaining claims were against Brown and Centre County. Morgan brought false arrest and false imprisonment claims against both remaining defendants, and he brought a municipal liability claim against Centre County. Brown and Centre County sought dismissal of the claims, and the District Court granted their motions, dismissing the claims with prejudice in November 2024. Morgan timely appealed.

## II[3]

Morgan appeals the District Court's orders (1) granting the Township Defendants' motion for reconsideration as unopposed (thereby dismissing all claims against the Township Defendants with prejudice) as a sanction for Morgan's procedural violations,

---

[2] Two attorneys from separate law firms represented Morgan in the District Court.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

5

(2) declining to reconsider its order granting the Township Defendants' motion for reconsideration, and (3) dismissing the claims against Brown and Centre County.

A.

Before deeming the Township Defendants' motion for reconsideration unopposed, the District Court recognized that sanction would result in the dismissal with prejudice of Morgan's claims against those defendants. Accordingly, to determine whether the dismissal was appropriate, the District Court addressed the six *Poulis* factors:

(1)    the extent of the party's personal responsibility;

(2)    the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)    a history of dilatoriness;

(4)    whether the conduct of the party or the attorney was willful or in bad faith;

(5)    the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)    the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted); *see also Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013) (stating that the *Poulis* factors apply when a district court issues sanctions tantamount to dismissal). Guided by how the District Court applied the *Poulis* factors, we review the District Court's order for abuse of discretion. *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021); *Poulis*, 747 F.2d at 868.

In its *Poulis* analysis, the District Court recounted how Morgan's long history of violating court rules and missing deadlines caused delays in the litigation and prejudice to

6

the Township Defendants. It also noted that Morgan's counsel had been undeterred by its warning that further violations could result in sanctions. Although it recognized that not all factors supported dismissal, on balance, it found dismissal was warranted. That decision was an appropriate exercise of discretion. *See Brace*, 1 F.4th at 143 ("[N]ot all the *Poulis* factors need be satisfied.").

## B.

Turning to the District Court's denial of Morgan's motion for reconsideration, we again review for abuse of discretion. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999). There was none here. The District Court considered all three Federal Rules of Civil Procedure under which Morgan purported to bring his motion, and it explained why it stood by the sanction it imposed. Its ruling withstands our deferential review.

## C.

We exercise plenary review of the District Court's order granting Centre County's and Brown's Rule 12(b)(6) motions. *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). In doing so, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* (quoting *Black v. Montgomery Cnty.*, 835 F.3d 358, 364 (3d Cir. 2016)).

## 1.

"False arrest and false imprisonment overlap," *Wallace v. Kato*, 549 U.S. 384, 388 (2007), and both require an arrest without probable cause, *Harvard v. Cesnalis*, 973 F.3d

190, 199 (3d Cir. 2020). Although Brown obtained a warrant before arresting Morgan, he nonetheless violated Morgan's constitutional rights if (1) he "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions" when he applied for the warrant, and (2) those false statements or omissions were material to the probable cause finding. *Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (cleaned up). But even if Brown violated Morgan's rights, Brown is entitled to qualified immunity if the unlawfulness of his conduct was not clearly established at the time. *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018).

Morgan argues that Brown acted in reckless disregard for the truth when he failed to view available videos and photographs of the suspect before obtaining the arrest warrant. In other words, Morgan argues he had a right to be free from arrest where "circumstantial evidence presents an obvious and unexplored reason to doubt the truthfulness of the allegations" against him but the officer has not reviewed available information that could disprove the allegations. App. 24 (cleaned up). The District Court found no such clearly established right, so it ruled that Brown was entitled to qualified immunity. We agree. Morgan has identified no case clearly establishing the rule of law he asserts, and we are aware of none.

Morgan also seeks to hold Centre County liable for Brown's actions in securing the arrest warrant, arguing that Brown was the County's agent. Even assuming Morgan pleaded facts supporting that Brown (a Pennsylvania State Trooper) was an agent of Centre County (a government entity that did not employ him), his claim fails because "a local government may not be sued under § 1983 for an injury inflicted solely by its

8

employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

2.

Morgan also brought a claim of municipal liability against Centre County for its failure to train and supervise prosecutors and police officers. *See id.* (holding that a municipal government can be liable under 42 U.S.C. § 1983 for the "execution of a government's policy or custom"). Although Morgan purports to appeal the District Court's dismissal of his *Monell* claim, his opening brief contains no argument relating to that claim. Accordingly, his appeal of this claim is forfeited. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 148 (3d Cir. 2017).

*　　*　　*

For the foregoing reasons, we will affirm the District Court's orders.